UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TERRENCE HOLLOWELL | ) | |
| | ) | |
| Plaintiff, Pro se, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-CV-606 JD |
| | ) | |
| Joel E. Bornkempt, Timothy D. McKay, | ) | |
| Robert E. Altman III, April N. Pinder, | ) | |
| Phyllis A. Carmer, Bradley C. Crosley of | ) | |
| Reisenfeld & Associates, LPA, LLC; | ) | |
| David J. Jurkeiewicz, Christina M. Bruno or | ) | |
| Bose, McKinney & Evans, LLP; and | ) | |
| Louis Chronowski, Jordan Huttenlocker, | ) | |
| Maria A. Diakoumakis of Dykema Gossett | ) | |
| PLLC, | ) | |
| | ) | |
| Defendants. | | |

## OPINION AND ORDER

Plaintiff Terrence Hollowell filed a *pro se* complaint against a number of defendants. The Complaint was accompanied by an "Emergency Motion for Injunctive Relief" (the "Motion"), which seeks to enjoin the sheriff's sale of the subject property.[1] Having reviewed the materials filed by the Plaintiff, the Court **DENIES** the petition for a temporary restraining order for the reasons stated below.

## BACKGROUND

Plaintiff's allegations are sparse. The Complaint lists 1314 Hudson Street, Elkhart, Indiana, as the Plaintiff's address, but does not allege that that is the subject property. However, Plaintiff attached a loan modification agreement to his Motion, indicating that 1314 Hudson

---

[1] Plaintiff alleges that the sheriff's sale of the subject property is to be held on August 13, 2017. However, the Court's independent research of public records indicates that the sheriff's sale is scheduled for September 27, 2017.
http://www.elkhartcountysheriff.com/default/assets/File/All%20Current%20Sales%208-8-17.pdf.

Street is indeed at issue (the "Property"). Apparently, at some point, Plaintiff had obtained a loan that was securitized into a mortgage-backed security trust on the Property. [Compl. ¶ 16] On February 29, 2008, the Property was assigned and/or transferred from Mortgage Electronic Registration System ("MERS") to Chase Home Finance, Inc. ("Chase"). [Compl. ¶¶ 7-8] When the Property was assigned to Chase, Plaintiff alleges that there was "no assignment of the Note with the Deed of Trust." [Compl. ¶¶ 10, 17] On April 16, 2012, a complaint was filed in Elkhart County Superior Court to foreclose upon the property. [Compl. ¶ 13] The state court action resulted in the Property being slated for sheriff's sale. [Compl. ¶ 18]

## DISCUSSION

### A. Subject Matter Jurisdiction

Plaintiff asserts claims under federal law: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, and the Truth in Lending Act ("TLA"), 15 U.S.C. § 1601 et seq. Accordingly, the complaint raises a question of federal law, and jurisdiction is proper under 28 U.S.C. § 1331. Furthermore, Plaintiff's federal claims and his other claims appear to be part of a common case or controversy, as they all arise from the Defendants' conduct related to the transfer of the subject property. Accordingly, this Court has supplemental jurisdiction over the non-federal claims in this case. *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008). With subject matter jurisdiction aside, the Court turns to the merits of the Plaintiffs' petition for a temporary restraining order and preliminary injunction.

### B. Plaintiffs' Petition for a Temporary Restraining Order and Preliminary Injunction

The standard for determining whether a temporary restraining order is appropriate is analogous to the standard applicable when determining whether preliminary injunctive relief is appropriate. *See YourNetDating, Inc. v. Mitchell*, 88 F. Supp. 2d 870, 871 (N.D. Ill. 2000). The

party seeking the temporary restraining order bears the burden of showing that it is "reasonably likely to succeed on the merits[,] is suffering irreparable harm that outweighs any harm the nonmoving party will suffer if the injunction is granted, there is no adequate remedy at law, and an injunction would not harm the public interest." *Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004) (stating the standard for a preliminary injunction). If Plaintiff meets this threshold, the court "weighs the factors against one another in a sliding scale analysis . . . to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006).

The Court does not find that this standard has been met in this case. First, Hollowell's claims are not sufficiently pled in accordance with Fed. R. Civ. P. 12(b)(6), nor is his second cause of action, fraud, pled with particularity as required by Fed. R. Civ. P. 9(b).

Next, it appears that issuance of a temporary restraining order is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Although the Plaintiff does not devote significant discussion to the state foreclosure proceedings in this matter, the Complaint indicates that those matters began with the filing of a complaint to foreclose upon the subject property on April 16, 2012, in Elkhart County Superior Court. [Compl. 1 ¶ 13] Both the Complaint and the Motion indicate that a related sheriff's sale has been scheduled for the Property. [Compl. ¶ 18; Mot. at 1] Under Indiana law, a sheriff's sale

3

is only scheduled after the entry of a "judgment of foreclosure." *See* Ind. Code §§ 32-30-10-5; 32-30-10-8. The Plaintiff's suit in this Court, at least as far as it attempts to enjoin the sheriff's sale, is an attempt to relitigate the merits of the underlying foreclosure action. This Court lacks the jurisdiction to do so. *See Mack v. Am. Nat. Bank of Beaver Dam*, No. 10-cv-557, 2010 WL 4365526, at *2–3 (W.D. Wis. Oct. 27, 2010) (denying temporary restraining order in similar case on *Rooker-Feldman* grounds).

Finally, Federal Rule of Civil Procedure 65(b)(1)(B) requires that—before a temporary restraining order may issue without written or oral notice to the adverse party—"the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Although this rule applies on its face to attorneys only, courts across the country have held *pro se* litigants who seek a temporary restraining order to the same requirement. *See, e.g.*, *Duncan v. Quinn*, No. 14-CV-01167-MJR, 2014 WL 5543961, at *2 (S.D. Ill. Nov. 3, 2014); *Lescs v. Berkeley Cnty. Sheriffs Office*, No. 3:14-cv-96, 2014 WL 4802057, at *2 (N.D. W. Va. Sept. 23, 2014); *Science Sys. & Apps., Inc. v. United States*, No. PWG-14-2212, 2014 WL 3672908, at *3 (D. Md. July 22, 2014).

Here there is no indication that the Defendant has been notified of the Plaintiff's motion for injunctive relief. The Plaintiff's petition attaches a signed certificate of service. [Mot. at 3] The certificate states that "a true and correct copy of the foregoing has been furnished … on the 10th day of August, 2017. [Mot. at 3] However, the Motion and certificate were filed on August 7, 2017. [Mot. at 1] The certificate is therefore deficient on its face; Plaintiff cannot certify service that hasn't happened yet. Nothing indicates that Plaintiff made any other efforts to give the required notice, or why such notice should not be required. Thus, the Plaintiff's request for a

temporary restraining order does not comply with Rule 65(b)(1)(B), further justifying denial of the petition on the current record.

The Court is sympathetic to the circumstances faced by the Plaintiff. However, the standards for issuance of a temporary restraining order have not been met here. Accordingly, the "Emergency Motion for Injunctive Relief" is **DENIED**.

SO ORDERED.

ENTERED: August 10, 2017

                                          /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court