UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRENCE HOLLOWELL )<br>)<br>Plaintiff, Pro se, )<br>)<br>v. )<br>)<br>Joel E. Bornkempt, Timothy D. McKay, )<br>Robert E. Altman III, April N. Pinder, )<br>Phyllis A. Carmer, Bradley C. Crosley of )<br>Reisenfeld & Associates, LPA, LLC; )<br>David J. Jurkeiewicz, Christina M. Bruno or )<br>Bose, McKinney & Evans, LLP; and )<br>Louis Chronowski, Jordan Huttenlocker, )<br>Maria A. Diakoumakis of Dykema Gossett )<br>PLLC, )<br>)<br>Defendants. ) | Case No. 3:17-CV-606 JD |

## **OPINION AND ORDER**

Plaintiff Terrence Hollowell filed a *pro se* complaint against a number of defendants. The Complaint was accompanied by an Emergency Motion for Injunctive Relief, which sought to enjoin the sheriff's sale of the subject property. The Court denied Plaintiff's request on August 10, 2017. [DE 4] Plaintiff then filed an interlocutory appeal of the Court's decision on August 29 [DE 14], and that matter is still before the Seventh Circuit. Nearly a month later, and only two days before the scheduled sheriff's sale is set to take place, Plaintiff filed the instant "First Amended Emergency Motion For Injunctive Relief Reconsideration" (the "Motion"). [DE 27] Plaintiff's request is denied for the following reasons.

To the extent Plaintiff is seeking reconsideration of the Court's denial of injunctive relief on August 10, that request is denied for lack of jurisdiction. The filing of a notice of appeal divests the district court of jurisdiction as to the specific issues and matters being appealed.

*Henry v. Farmer City State Bank*, 808 F.2d 1228, 1241 (7th Cir. 1986) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L. Ed. 2d 225 (1982)). Here, Plaintiff appealed the Court's interlocutory decision to deny his request for a preliminary injunction and temporary restraining order. When he did so, jurisdiction over that requested relief and the issues relating to it transferred to the appellate court. Plaintiff's appeal is still pending, and thus jurisdiction has not been returned to the district court. *See Kusay v. U.S.*, 62 F.3d 192, 194 (7th Cir. 1995) ("Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity.).

To the extent Plaintiff's Motion is requesting relief under Fed. R. Civ. P. Rule 62(c), under which the Court may grant a separate injunction on terms for bond while an appeal from the interlocutory denial of an injunction is pending, the Court lacks jurisdiction to do so for the same reasons as discussed in its order denying Plaintiff's initial motion. Specifically, Plaintiff's federal claims are barred by the *Rooker-Feldman* doctrine, which precludes federal district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Plaintiff's suit in this Court, at least as far as it attempts to enjoin the sheriff's sale, is an attempt to relitigate the merits of the underlying state foreclosure action. This Court therefore lacks the jurisdiction to enjoin the sale. *See Mack v. Am. Nat. Bank of Beaver Dam*, No. 10-cv-557, 2010 WL 4365526, at *2–3 (W.D. Wis. Oct. 27, 2010) (denying temporary restraining order in similar case on *Rooker-Feldman* grounds).

## CONCLUSION

For all the foregoing reasons, Plaintiff's Motion [DE 27] is **DENIED**.

SO ORDERED.

ENTERED: September 26, 2017

                                              /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court