UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Terrance Hollowell, Plaintiff, *pro se*, v. Joel E. Bornkamp, Timothy D. McKay, Robert E. Altman III, April N. Pinder, Phyllis A. Carmer, Bradley C. Crosley of Reisenfeld & Associates, LPA, LLC; David J. Jurkiewicz, Christina M. Bruno of Bose, McKinney & Evans, LLP; and Louis Chronowski, Jordan Huttenlocker, Maria A. Diakoumakis of Dykema Gossett PLLC, Defendants. | Case No. 3:17-CV-606 JD |

**OPINION AND ORDER**

Plaintiff Terrance Hollowell filed a *pro se* complaint against a number of Defendants, asking this Court to find that a prior state court foreclosure on his residence was wrongful, to vacate and set aside the resulting foreclosure sale, to cancel the related sheriff's sale[1], and to quiet title in his favor against all defendants. [DE 1 at 9] Basically, he wants to return to his same position before the state foreclosure proceeding. As far as causes of action go, Hollowell first alleges that each of the defendants violated his Constitutional rights by "preparing and filing false documents, and foreclosing upon the Subject Property without having legal authority and/or proper documentation to do so." [DE 1 ¶ 23] He also alleges that the defendants knew or should

---

[1] The sheriff's sale had not yet happened when Hollowell filed his complaint. He sought emergency injunctive relief from the then-upcoming sheriff's sale [DE 1-2], but the Court denied said relief. [DE 4]

1

have known about this lack of legal authority, and that they thereby committed fraud by facilitating the foreclosure. [DE 1 ¶¶ 25-47][2]

Defendants in this case are various attorneys from three law firms that played a part in the underlying state court foreclosure action: the "Reisenfeld" defendants (Joel E. Bornkamp, Timothy D. McKay, Robert E. Altman III, April N. Pinder, Phyllis A. Carmer, and Bradley C. Crosley); the "Bose" defendants (David J. Jurkiewicz and Christina M. Bruno); and the "Dykema" defendants (Louis Chronowski, Jordan Huttenlocker, and Maria A. Diakoumakis).

The defendants have filed three separate motions to dismiss. [DE 8; 20; 32] All three sets of defendants advance the arguments that Hollowell's complaint should either be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine or precluded via *res judicata*. [DE 9; 21; 33] The Bose and Dykema defendants further argue that Hollowell has failed to state claims for fraud and for a constitutional deprivation under 42 U.S.C. § 1983. [DE 21; 33] For the reasons stated herein, the Court lacks subject matter jurisdiction to hear this case because doing so would amount to entertaining an appeal of Hollowell's state foreclosure action. Therefore, his complaint will be dismissed by way of the *Rooker-Feldman* doctrine.

---

[2] Hollowell plastered the following list of "violations" in the case caption of his complaint: (1) Constitutional guaranteed rights – deprivation of due process; (2) fraud; (3) fraud upon the Court; (4) negligent misrepresentation; (5) violation of business and professional code of ethics; (6) breach of contract; (7) breach of forbearance contract; (8) violation of the RICO Act; (9) violation of the Truth in Lending Act; (10) mortgage transfer violation; (11) deceptive acts and practices; (12) violation of fair debt collection practices; (13) breach of implied covenant of the good faith and fair dealing; and (14) unjust enrichment. However, the allegations within his complaint contain no substance as to any of these "violations" apart from the first two listed.

# FACTUAL BACKGROUND[3]

On February 29, 2008, Hollowell executed and delivered a promissory note to Residential Loan Centers of America, Inc. ("RLCA"). As security for the debt created by the note, Hollowell executed a mortgage on the subject property (1314 Hudson Street, Elkhart, Indiana) in favor of Mortgage Electronic Registration Systems ("MERS") as nominee for RLCA. The mortgage was recorded in the Office of the Recorder of Elkhart County, Indiana on March 3, 2008 as Instrument No. 2008-05486.

RLCA endorsed the note specially to JPMorgan Chase Bank, N.A. ("JPM"). JPM endorsed the note in blank. MERS, as nominee for RLCA, assigned its interest in the mortgage to Chase Home Finance, LLC ("Chase") on October 24, 2008. The Assignment was recorded in the Elkhart County Recorder's Office on November 5, 2008 as Instrument No. 2008-26093. Hollowell contests the validity of this assignment.

On April 16, 2012, JPM filed a Complaint on Note and to Foreclose Mortgage against Hollowell and Cynthia Harris (a co-borrower) in Elkhart Superior Court, Cause No. 20D01-1204-MF-00304. JPM was represented therein by the Reisenfeld and Bose defendants, and by defendant Huttenlocker. Hollowell and Ms. Harris were served on April 24, 2012, however, they

---

[3] The facts stated herein are taken from Hollowell's complaint and from the various cases preceding this action, of which the Court may take judicial notice. *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, No. 305-MD-527, 2010 WL 1253891, at *4 (N.D. Ind. Mar. 29, 2010) ("Court documents from another case may be used to show that the document was filed, that party took certain position, and that certain judicial findings, allegations or admissions were made."); *see also Gen. Elec. Capital v. Lease Resolution*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("[T]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.... Like other court records, judicial approval of a class action settlement is an appropriate subject for judicial notice because it is a source whose accuracy cannot reasonably be questioned.").

failed to timely answer the foreclosure complaint and the state court granted a default judgment and decree of foreclosure on November 14, 2012.[4]

The instant matter is but the latest installment in a string of lawsuits (filed by Hollowell) related to and challenging the state foreclosure action. On May 25, 2013, Hollowell and Ms. Harris filed a federal lawsuit against JPM in this District, Case No. 3:13-cv-490. The court dismissed that case on the basis of *res judicata*. Then, Hollowell pursued two distinct adversary proceedings in U.S. Bankruptcy Court for this District, one in 2013 (Case No. 13-03028) and the other in 2015 (Case No. 15-03048). The court dismissed both actions, describing Hollowell's filings and conduct in the second case as "abusive" because he used the court "as a vehicle to obstruct the Defendants' efforts to enforce their judgments and to unnecessarily protract the proceedings." [Case No. 15-03048, DE 29 at 2-3] More recently, on March 17, 2017, Hollowell filed a state court action in Elkhart Superior Court (Cause No. 200002-1703-cc-432) against the exact same defendants as here. The state court dismissed that action a month later on the basis of *res judicata*; essentially, Hollowell brought the same claims as in his earlier federal case, and merely substituted JPM's former foreclosure counsel for the bank itself. Finally, Hollowell filed the instant lawsuit on August 7, 2017. [DE 1]

---

[4] Hollowell filed two motions to set aside the foreclosure judgment, but the state court denied them on December 5, 2014, because Hollowell failed to offer any evidence of excusable neglect that would otherwise justify his failure to appear and respond to the foreclosure complaint. He also twice appealed the foreclosure proceedings to the Indiana Court of Appeals (unsuccessfully), filed an emergency motion for a stay with the same (denied), and filed a motion to "correct error" in the foreclosure judgment, for which he was found in direct contempt of court.

**STANDARD**

Rule 12(b)(1)[5] authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id*. (citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it, which in this case is Mr. Hollowell. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

Even in the absence of a Rule 12(b)(1) motion, the Court is "obligated to review its own jurisdiction *sua sponte*." *Caterpillar Fin. Servs. Corp. v. Peoples Nat. Bank, N.A.*, Civil No. 10-298, 2011 WL 5403501, *1 (S.D. Ill. Nov. 8, 2011) (citing Fed. R. Civ. P. 12(h)(3); *Hammes v. AAMCO Transmissions, Inc*., 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction").

**DISCUSSION**

The Court lacks subject matter jurisdiction over this action under the *Rooker-Feldman* doctrine, which holds that "lower federal courts do not have subject matter jurisdiction over claims seeking review of state court judgments." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). This doctrine "requires a party seeking review of a state court judgment or presenting a claim that a state judicial proceeding has violated their constitutional rights to

---

[5] While the Dykema and Reisenfeld defendants do not cast their motions as ones for dismissal under Rule 12(b)(1), the Court nonetheless has an independent duty to verify that it has subject matter jurisdiction. *Hammes v. AAMCO Transmissions, Inc*., 33 F.3d 774, 778 (7th Cir. 1994).

5

pursue relief through the state court system and ultimately to the Supreme Court." *Id.* "Simply put, the *Rooker-Feldman* doctrine precludes lower federal court jurisdiction over claims seeking review of state court judgments because no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (internal quotations and alterations omitted). That is true even where, as here, a plaintiff asserts that the state court judgment violated his civil rights. *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) ("We have repeatedly stated that a litigant may not attempt to circumvent the effect of *Rooker-Feldman* and seek a reversal of a state court judgment simply by casting the complaint in the form of a civil rights action." (internal quotation omitted).

"In assessing the applicability of the *Rooker-Feldman* doctrine in a particular case, 'the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment.'" *Long*, 182 F.3d at 555 (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)). Put another way, the question is "whether the 'federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim.'" *Taylor*, 374 F.3d at 532 (quoting *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996)). "Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." *Id.*; *see also Holt*, 408 F.3d at 336 ("[T]he *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction only when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.").

Here, Hollowell's claims fit squarely within those barred by the *Rooker-Feldman* doctrine. Hollowell does not allege any injury apart from the state court foreclosure—if the judgment had been in his favor, he would have never suffered an injury in the first place. *See Holt*, 408 F.3d at 336 (finding that *Rooker-Feldman* applied where absent the state court judgment, the plaintiff "would not have the injury he now seeks to redress"). His complaint explicitly asks this Court to vacate the foreclosure judgment, declare it "wrongful," and then quiet title of the subject property in his favor. [DE 1 at 9] So, he does not present an independent claim, as evidenced by his many (and repetitive) response briefs in which he argues that some sort of alleged fraud poisoned the state foreclosure proceeding itself. [DE 23; 31; 34; 36-38]. Rather, he improperly seeks to set aside the state court foreclosure judgment. *Taylor*, 374 F.3d at 532. The only federal court that can do so is the Supreme Court, and only after Hollowell has exhausted his appeals through the *state* system.

Hollowell offers only a single counter to defendants' *Rooker-Feldman* arguments: "Fraud has always superseded fictitious claims of protections under the *Rooker-Feldman* doctrine." [DE 23 at 5; 36 at 5; 37 at 5; 38 at 5] In other words, he argues that *Rooker-Feldman* does not apply here because the state court foreclosure was procured by fraud. He cites no support for this theory, but even assuming that the foreclosure action did harbor fraud, that would make no difference: "The *Rooker-Feldman* doctrine is concerned not with *why* a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with *which federal court* is authorized to intervene. The reason a litigant gives for contesting the state court's decision cannot endow a federal district court with authority; that's what it means to say that the *Rooker-Feldman* doctrine is jurisdictional." *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). Thus, the

*Rooker-Feldman* doctrine applies here. The Court therefore lacks subject matter jurisdiction over Hollowell's claim and must dismiss the case on that basis.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** defendants' motions [DE 8; 20; 32] and **DISMISSES** Hollowell's complaint against all defendants, without prejudice.[6] The Clerk is **DIRECTED** to close this case enter judgment in accordance with this order.

SO ORDERED.

ENTERED: March 26, 2018

                                                          /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court

---

[6] "The *Rooker–Feldman* doctrine is a rule of federal jurisdiction. A suit dismissed for lack of jurisdiction cannot also be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render." *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004).